UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GENEVIEVE CANTERBURY, ET AL | CIVIL ACTION NO. 10-cv-0747 |
| VERSUS | JUDGE WALTER |
| ROBERT W. MULLINS, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

The court originally issued a Memorandum Order (Doc. 14) that explained various aspects of the proceedings and noted that a default had been entered against the defendants. Plaintiffs were directed to file a Motion for Default Judgment by January 14, 2011.

Defendant Robert Mullen (which he insists is the proper spelling of his name, as opposed to Mullins used by Plaintiffs) has written to the court with several questions. Mullen asks if he has the right to a lawyer. He does have the right to hire a lawyer of his choice. He next asks if he has the right to a court-appointed lawyer. There is no right to a court-appointed lawyer to defend a person against an employment discrimination claim such as in this case.

Mullen asks what it means that he has been found in default. Mullen was served with a complaint and summons, which notified him of the time he was permitted to file an answer to the complaint. He did not timely file an answer, so Plaintiffs were entitled to request entry of default, which may eventually result in a judgment against Mullen without the need for a trial. Mullen asks if he has a right to go to court. There will likely be no court proceedings to attend if the matters proceeds to a default judgment. Mullen may file a motion to set aside

the entry of default. Among the factors the court would consider are (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the defendant acted expeditiously to correct the default. Lacy v. Sitel Corporation, 227 F.3d 290, 292 (5th Cir. 2000).

Mullen asks if the court can postpone further action until he gets out of jail on January 20, 2011. The court will extend until **January 31, 2011** the deadline for Plaintiffs to file a Motion for Default Judgment. Plaintiffs will likely file their motion toward that deadline, which will give Mullen reasonable time after he gets out of jail to retain counsel or otherwise address the default if he wishes.

Mullen asks the court to dismiss this and a companion suit because criminal charges against Mullen were allegedly dropped and one of the women has since been arrested for having sex with a minor. Those are not valid reasons to dismiss the civil suits.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE